# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: P.H. & M.H.**

**No. 13-0718** (Kanawha County 12-JA-285 & 12-JA-286)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel D. Adrian Hoosier II, appeals the Circuit Court of Kanawha County's order entered on June 25, 2013, terminating his parental rights to his children, P.H., age 3, and M.H., age 7. The West Virginia Department of Health and Human Resources ("DHHR"), by Michael L. Jackson, its attorney, filed its response. The children's guardian ad litem, Matthew A. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the termination was not sufficiently supported by the evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed a petition for abuse and neglect against petitioner and the children's mother. The petition alleged that a methamphetamine lab was found in petitioner's home, that P.H. was found in the home when the lab was discovered, that petitioner and the children's mother also operated a methamphetamine lab in their automobile, and that the subject children's parents ingested methamphetamine in the presence of M.H. Petitioner was arrested and charged with operating a clandestine drug laboratory and child abuse or neglect creating a risk of injury. The petition further alleged that petitioner had a history of domestic violence and failed to provide supervision and support to the children, placing them at a risk of harm. The DHHR later amended the petition to allege that M.H. had thirteen unexcused absences from school in fall of 2012 and that the children's mother admitted to caring for the children while under the influence of methamphetamine. The children were removed to DHHR custody.

In April of 2013, at an the adjudicatory hearing, a Child Protective Services ("CPS") worker testified that the mother of another of petitioner's children told her that M.H. and P.H. visited petitioner's home on a regular basis, that the subject children's mother told her that the children had been in and out of the home on the day the methamphetamine lab was discovered by law enforcement, and that P.H. was found in a car in the home's driveway when the lab was discovered. The children's mother stipulated to having a drug problem that affected her parenting and that it resulted in the abuse or neglect of her children. The circuit court found by clear and

1

convincing evidence that petitioner abused and neglected the children by exposing them to methamphetamine labs and other unsafe and unhealthy environments.

After a dispositional hearing, by order entered June 25, 2013, the circuit court terminated petitioner's parental rights, finding that petitioner remained incarcerated, that he had previously been provided numerous services in a prior abuse and neglect case to address issues of substance abuse, and that he had failed to demonstrate the capacity to solve his problems of abuse or neglect. The circuit court concluded there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and concluded it was in the children's best interests not to return to their parents' home because their safety could not be reasonably assured. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court had no evidence upon which to adjudicate petitioner as an abusing parent and, ultimately, terminate his parental rights. Petitioner argues that there was no evidence that any of the children were in the home with meth-making materials or that he failed to provide for the children's general welfare. To the contrary, law enforcement officials testified that they found a methamphetamine lab in petitioner's home, P.H. was found in a car in the home's driveway, and petitioner's wife stated that the children were in and out of the house on the day of the drug bust. We hold that these facts constitute a sufficient basis for finding that petitioner neglected P.H. and M.H. A neglected child is one whose "physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision . . . ." W.Va. Code § 49-1-3(11)(A)(i) (2013). Finally, the circuit court correctly found that petitioner failed to complete the terms of his improvement period due to his incarceration. Based upon the circuit court's findings, it was not error to terminate petitioner's parental rights pursuant to West Virginia Code § 49-6-5(a)(6). Further, we have previously held that

"courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

For the foregoing reasons, we find no error in the circuit court's decision and the termination of parental rights is hereby affirmed.

Affirmed.


**ISSUED**: March 31, 2014


**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II